OPINION OF THE COURT
Michael J. Miller, J.
Respondent mother has moved to have this court vacate its previous order finding petitioner, Bernard Pitts, to be the father of respondent’s child, Deronda M. Strother, born Octo *898 her 15, 1990. Petitioner has sought to have himself declared the father of the child and to be awarded visitation rights. At the first appearance, mother, unrepresented by counsel, admitted under oath that petitioner was the father of the child. She then asked to be assigned counsel to represent her in the visitation portion of the proceeding. This occurred on December 17, 1993. On February 23, 1994, respondent appeared in court represented by assigned counsel and immediately asked that the order of filiation be vacated and that the parties and the child be required to submit to a blood grouping test. She stated that she was unaware of the legal implications of her admission and that she had had intercourse with another man around the time of conception.
Petitioner vigorously opposes the motion, noting that respondent’s admission was made under oath, in open court and that at the time respondent had the same information concerning sexual relations with another man, but failed to reveal that fact to the court. Thus petitioner argues there is no new, freshly discovered evidence upon which the court can base vacatur. As precedent, petitioner relies upon Matter of Rosa v Diaz (136 AD2d 512 [1st Dept 1988]), one of the leading cases dealing with a mother’s attempt to revoke an admission of paternity. There the Appellate Division, First Department, refused to allow the mother to recant and reopen the case because of lack of any newly discovered evidence and because of the need for finality in paternity cases. However, in that case, unlike the instant case, mother was represented by counsel at the time of admission. This is an important distinction because it must be assumed that counsel advised mother of all the legal rights accruing to a father once his paternity is established by a court including the right to apply for visitation and perhaps even custody of the child.
There are numerous cases where courts have vacated orders and granted fathers the right to withdraw admissions of paternity when they were not represented by counsel and sufficient other factors were present warranting reopening. (See, e.g., Matter of D’Elia v Douglas B., 138 Misc 2d 370 [Fam Ct, Nassau County 1988].) Fundamental fairness requires that mothers be given the same right where the proper circumstances exist.
The Law Guardian correctly points out that considerations favorable to mother’s application, in addition to her nonrepresentation by counsel, exist in this case. First, the putative father is a stranger to this three-year-old child. Until this *899 time he has played absolutely no role in her life. Thus, there will be no psychological damage to the child if the issue of paternity is reopened. Second, there is now an extremely hostile relationship between mother and putative father which undoubtedly this child will be thrust in the middle of once petitioner is declared to be her father. Clearly for the benefit of all parties, but particularly for the benefit of the child, there is a need for a degree of certainty here. This is too important a decision in the life of this child to be based on a hastily made and promptly withdrawn admission by mother. Taken together, these factors coupled with mother’s admission without counsel mandate that this court vacate its previous order of filiation and that a blood grouping test be ordered.
Respondent to submit order which will direct that the Monroe County Department of Social Services shall initially bear the expense of such test and may seek reimbursement from respondent if petitioner is not excluded by said test.