(January 28, 1988)

■ In the Matter of JULIO ROSA, Appellant, v JOSALINE DIAZ et al., Respondents.—Leave to appeal from the order of the Family Court, Bronx County (John F. Pollard, F.C.J.), entered July 2, 1985, which vacated the order of filiation entered on February 6, 1984, adjudging and declaring petitioner Julio Rosa the father of Tanisha Rosa, and which dismissed the paternity petition in docket No. P16566/83, is granted *sua sponte.*

Order of the Family Court, Bronx County (John F. Pollard, F.C.J.), entered July 2, 1985, which vacated the order of filiation entered on February 6, 1984, adjudging and declaring petitioner Julio Rosa the father of Tanisha Rosa and which dismissed the paternity petition (docket No. P16566/83), unanimously reversed on the law, respondent's motion to vacate denied and the order of filiation reinstated, without costs.

Order of the Family Court, Bronx County (John F. Pollard, F.C.J.), entered July 2, 1985, which dismissed petitioner Julio Rosa's custody petition (docket No. V2267/84), unanimously reversed on the law, the petition reinstated and the matter remanded for a hearing on the custody issue, without costs.

Respondent's motion to strike petitioner's reply brief is denied.

At issue are two Family Court orders entered in proceedings concerning the paternity and custody of Tanisha Rosa. The notice of appeal in the record, however, refers to the order in the custody proceeding (docket No. V2267/84) only. Although petitioner indicates that the two proceedings were consolidated, we are unable to find confirmation of that circumstance in the record, relevant portions of which are illegible. Nevertheless, it appears that the proceedings were, in fact, litigated together and that the facts and legal issues are so intertwined that it would be meaningless to review the order in the custody proceeding without also reviewing the order in the paternity proceeding (docket No. P16566/83). In order to afford complete relief, and to promote the ends of judicial economy, we, therefore, *sua sponte* grant leave to appeal from the order in the paternity proceeding entered July 2, 1985

which vacated the filiation order of February 6, 1984 adjudging and declaring petitioner Julio Rosa the father of Tanisha Rosa.

Tanisha Rosa was born out of wedlock on September 23, 1983 to respondent Josaline Diaz. Petitioner Julio Rosa was named on the birth certificate as the child's father and the child was given his last name. Thereafter, in February 1984, Mr. Rosa filed a paternity petition in Family Court, Bronx County. The child's mother, respondent Josaline Diaz, did not oppose the petition; represented by assigned counsel, she acknowledged that petitioner was the child's father and waived HLA blood-grouping tests. Accordingly, an order of filiation was entered declaring Julio Rosa the father of Tanisha Rosa and directing Mr. Rosa to pay child support of $21 per week.

In May 1984, the child's maternal grandmother, respondent Juana Diaz, sued her daughter for custody of Tanisha. Custody was awarded to the grandmother on consent. Petitioner, who was not made a party to the proceeding, subsequently sued the grandmother for custody but withdrew his petition on condition that he be afforded biweekly weekend visitation.

In September 1984, petitioner, alleging that the grandmother was not properly caring for the child, refiled for custody (docket No. V2267/84). Respondents then moved to vacate the February 1984 order of filiation (docket No. P16566/83) on the singular ground that respondent mother did not believe that petitioner was Tanisha's true father. Respondents requested that the HLA blood test, previously waived, now be administered. While consenting to take the blood test, the results of which showed a 98.7% probability that petitioner was indeed the child's father, petitioner opposed vacatur of the filiation order.

A hearing was held on the paternity issue in July 1985. At its conclusion, the court observed, "the evidence of paternity is so vague and inconclusive that it is sufficient to meet respondent's burden of proof in her application to vacate the order of filiation on admission dated February 6, 1984." Accordingly, the court ordered the filiation order vacated and the paternity petition (docket No. P16566/83) dismissed. A second order was entered dismissing Mr. Rosa's custody petition (docket No. V2267/84) upon the ground that, in view of the disposition in the paternity proceeding, petitioner was without standing to sue for custody. We now reverse both orders.

Respondent's motion to vacate should not have been enter-

tained. Having admitted in open court while represented by counsel that petitioner was the father of her daughter, Ms. Diaz should not have been permitted to seek vacatur of the resulting order of filiation when the predicate for the relief sought was nothing more substantial than her newfound belief that, contrary to her prior sworn admissions, petitioner was not the child's father. A court order purporting to settle something as fundamentally important as the paternity of a child is not susceptible of vacatur upon so dubious a ground *(see, Matter of June B. v Edward L.,* 69 AD2d 612, 614). Only if there had been newly discovered evidence strongly indicative of a result different than the one previously reached *(see,* CPLR 5015 [a] [2]) would renewal of the paternity proceeding have been appropriate, but there was no such evidence; much less was there evidence sufficient to warrant vacatur.

Indeed, evidence adduced at the hearing showed quite persuasively that petitioner was, in fact, the child's father and that respondent's motives for seeking vacatur of the filiation order had little if anything to do with the child's paternity or best interests. As noted, the HLA blood test results, while not conclusive, showed a 98.7% probability that petitioner was the child's father. In addition, the uncontradicted statement of the Law Guardian indicated that vacatur was sought to enable respondents to leave the jurisdiction with the child unopposed by petitioner. The Law Guardian further indicated that it would be in the child's best interest to have two parents. We note that petitioner's consistent concern for the child and contributions to her support were not disputed. Thus, even if it had been appropriate to entertain the motion to vacate, the evidence simply did not support the court's grant of the relief requested. Contrary to the court's apparent misunderstanding, the burden was not upon the petitioner to reestablish paternity, but upon the movants to show that the prior order of filiation should be set aside. That burden was not met by Ms. Diaz's belated claims of nonaccess.

As we are of the view that the order vacating the filiation order must be reversed and the filiation order reinstated, we think it appropriate, in addition, to reverse the order dismissing Mr. Rosa's custody petition for lack of standing. As the child's father, Mr. Rosa clearly has standing to sue for custody. The matter then should be remanded for a hearing on the custody issue. Concur—Murphy, P. J., Kupferman, Sandler, Kassal and Smith, JJ.