■ NORMA DOMPKOWSKI, Respondent, v RONALD DOMPKOW-SKI, Appellant.—Motion to dismiss appeal denied. Memorandum: Petitioner-respondent moves to dismiss the appeal taken from an order of the Family Court, which denied the objections to the final order of a Hearing Examiner. She contends that, pursuant to Family Court Act § 439 (e), the appeal lies only from the final order of the Hearing Examiner and the time to appeal from that order has expired. We reject this argument and deny the motion to dismiss the appeal.

Family Court Act § 439 (e) provides that either party may file and serve written objections to the final order of the Hearing Examiner and the other party may file a rebuttal. Thereafter, Family Court shall review the objections. The subdivision concludes: "The final order of a hearing examiner, after objections and the rebuttal, if any, have been reviewed by a judge, may be appealed pursuant to article eleven of this act." Section 1113 of article 11 provides that: "An appeal under this article must be taken no later than thirty days after the entry and service of any order from which the appeal is taken." Due to the time schedule contained in section 439 (e), it is unlikely that Family Court will review the order of the Hearing Examiner within 30 days after its entry and, thus, a literal interpretation of the statute would deprive an aggrieved party from appealing an order of a Hearing Examiner.

We can presume that the Legislature did not intend such an absurd result *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 145), and to avoid that result, we may depart from the letter of the statute *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 111; *Morgan v Hedstrom,* 164 NY 224, 230; *Riggs v Palmer,* 115 NY 506, 509-511).

When the Legislature provided that the order of the Hearing Examiner may be appealed only after the objections have

been reviewed by a Family Court Judge, it intended that, after the court enters its order passing upon the objections to the order of the Hearing Examiner, review on appeal may be had of the final order of the Hearing Examiner. This intent may be carried out without ignoring the time limitation of Family Court Act § 1113 by interpreting the statute to mean that an appeal may be taken from the order of Family Court reviewing the objections and that such appeal brings up for review the order of the Hearing Examiner. The provisions of the CPLR apply where appropriate to appeals from Family Court (Family Ct Act § 1118).

CPLR 5501 (a) provides that: "An appeal from a final judgment brings up for review: 1. any non-final judgment or order which necessarily affects the final judgment". For the purposes of appeal, the order of the Hearing Examiner does not become final until the entry of the order of Family Court reviewing the objections. Thus, it can be said that the Family Court order finally disposes of the matter and is equivalent to a final judgment (see, Firestone v Firestone, 44 AD2d 671, 672; Matter of Taylor v Taylor, 23 AD2d 747) and that the order of the Hearing Examiner is an "order which necessarily affects the final judgment". Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.