■ In the Matter of MARY C., Appellant, v CHARLES E., Respondent.—Appeal from an order of the Family Court of Albany County (Breslin, J.), entered March 5, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate respondent as the father of a child born to petitioner.

We reject petitioner's contention that Family Court erred in dismissing her application to adjudicate respondent the father of her child. An order of filiation had previously been entered against another man adjudicating him as the child's father. The other man also admitted in open court to being the father. Petitioner in this proceeding seeks to vacate the prior order based upon her "belief" that respondent may be the child's father. It was previously determined, however, that there was a 99.9% probability that the other man was the father (see, Swann v Schoenfield, 163 AD2d 850, appeal dismissed 76 NY2d 889). Having previously asserted that the other man was the child's father, petitioner's current assertions based only on this belief and which were contrary to her prior sworn admissions were not sufficient to warrant a vacatur of the prior order (see, Matter of Rosa v Diaz, 136 AD2d 512, amended 137 AD2d 448). "A court order purporting to settle something so fundamentally important as the paternity of a child is not susceptible of vacatur upon so dubious a ground" (supra, at 514; see, Matter of June B. v Edward L., 69 AD2d 612). It was petitioner's burden to show that the prior order should be set aside and the evidence she presented

simply did not support a grant of the requested relief *(see, Matter of Rosa v Diaz, supra).*

Mikoll, J. P., Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.