■ TONAWANDA SCHOOL EMPLOYEES FEDERAL CREDIT UNION, Respondent, v TIMOTHY F. ZACK, Defendant, and VIVIAN DUBE, Appellant. [662 NYS2d 885] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Vivian Dube (defendant) was personally served with the summons and complaint in this action commenced by plaintiff to recover the proceeds of a loan to defendant Timothy F. Zack, for which defendant was a cosigner on a promissory note. When defendant was notified that a default judgment had been entered against her, she immediately moved to vacate it. She averred that, after she was served with the summons and complaint, she telephoned plaintiff's attorney, who told her that, if she provided information concerning the whereabouts of Zack, no further action would be taken against her. She provided the requested information and, according to defendant, plaintiff's attorney told her that she could ignore the summons and complaint. Plaintiff's attorney submitted an affirmation denying defendant's allegations. He admitted having three telephone conversations with defendant shortly after commencement of the action, but denied telling her that no further action would be taken against her. Supreme Court summarily denied the motion.

Defendant's allegations, if true, establish fraud, misrepresentation or other misconduct by an adverse party, entitling defendant to vacatur of the judgment without the necessity of defendant's establishing a meritorious defense to the action (see, CPLR 5015 [a] [3]; Shaw v Shaw, 97 AD2d 403, 404). The conflicting allegations present an issue of fact, which the court

erred in determining without holding a hearing (*see, D'Alleva v D'Alleva,* 127 AD2d 732, 735; *Rifenburg v Liffiton Homes,* 107 AD2d 1015, 1016-1017). We therefore reverse the order and remit the matter to Supreme Court for that purpose. We have examined defendant's alternative arguments and conclude that they lack merit. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Vacate Judgment.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.