■ In the Matter of HELEN T., Respondent, v ROOSEVELT B., Appellant. (Matter No. 1.) In the Matter of HELEN T., Respondent, v ROOSEVELT B., Appellant. (Matter No. 2.) [682 NYS2d 460] —In a paternity proceeding pursuant to Family Court Act article 5 (Matter No. 1), and a related support proceeding pursuant to Family Court Act article 4 (Matter No. 2), the father appeals, by permission, from (1) an order of the Family Court, Dutchess County (Pagones, J.), dated August 20, 1996, in Matter No. 1, which denied his motion to vacate an order of filiation of the same court, dated October 4, 1995, rendered upon his default in appearing for a blood test, and (2) an order of the Family Court, Rockland County (Miklitsch, H.E.), dated March 4, 1997, in Matter No. 2, which, *inter alia,* directed him to pay child support of $38 weekly plus arrears.

Ordered that the orders are affirmed, without costs or disbursements.

While disposition of matters on their merits, especially with regard to filiation and support, is preferred, the court retains the discretion to deny a motion to vacate a default where it is not supported by a reasonable excuse for the default and a meritorious defense (*see, Matter of O'Donnell v Griff G. W.,* 120 AD2d 668; *see also, Matter of Reid v White,* 112 Misc 2d 294).

In the instant matter, the appellant father has not proffered reasonable excuses for his failure to appear for the human leukocyte antigen (hereinafter HLA) blood tests scheduled for May 17, 1995, and June 26, 1995, which were ordered at his request. He has likewise failed to offer reasonable excuses for his defaults in appearance before the Dutchess County Family Court on August 25, 1995, and September 13, 1995. The appellant's conclusory denials of paternity, which are bereft of even a single relevant factual assertion, are patently insufficient to constitute a meritorious defense to the mother's paternity petition. Accordingly, the Family Court, Dutchess County, did not improvidently exercise its discretion in denying the appellant's motion to vacate the default order of filiation. Since the father has failed to establish the only argument he has raised to contest his obligation to pay for the support of his son, there is no basis in the record to disturb the order of support by the Family Court, Rockland County.

The appellant's remaining contentions are without merit. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.