■ In the Matter of JENNIFER W., Petitioner, v STEVEN X., Appellant. SHERRI L. VERTUCCI, as Law Guardian, Respondent. [702 NYS2d 215] —Mercure, J. P. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered February 16, 1995, which, in a proceeding pursuant to Family Court Act article 5, denied both parties' motions to vacate an award of filiation.

Petitioner gave birth to an out-of-wedlock child in July 1990.

On May 10, 1991, an order of filiation was entered adjudging respondent to be the father of the child. In June 1994, petitioner moved to vacate the order of filiation. Petitioner supported the application with her own affidavit and an affidavit of respondent, each indicating that the parties were always aware that respondent was not the father of the child but that they engaged in the prior charade because they were living together at the time and felt that an award of filiation would be best for the child. Then, in October 1994, respondent cross-moved for an order vacating the award of filiation, at that time asserting that the award of filiation had been procured by petitioner's false and fraudulent representations that he was the child's father and alleging the existence of newly discovered evidence, i.e., blood test results establishing with 99.9% certainty that another man was the child's father. Following a hearing at which both parties testified, Family Court denied both parties' applications. Respondent appeals.

We affirm. Notably, the issue before Family Court was not whether respondent is the child's biological father, but whether the parties made a sufficient demonstration that the prior order of filiation should be vacated (*see, Matter of Rosa v Diaz*, 136 AD2d 512, 514). Giving due deference to Family Court's credibility determinations (*see, Matter of Beaudoin v Robert A.*, 199 AD2d 842, 844; *Matter of Otsego County Dept. of Social Servs. [Debby UU.] v John VV.*, 196 AD2d 918, 919; *Matter of Amy J. v Brian K.*, 161 AD2d 1022, 1023), and particularly the sharp conflict between the statements the parties made in their affidavits and those made at the subsequent hearing, we conclude that the record provides ample support for Family Court's determination. Having credited the evidence that respondent was at all relevant times aware that he was not the child's father, Family Court reasonably concluded that there was no basis for vacating the order of filiation pursuant to CPLR 5015 (a) (3) upon the ground of fraud, misrepresentation or other misconduct of an adverse party (*see, Matter of Commissioner of Social Servs. [Barbara A.] v Gregory B.*, 211 AD2d 956, 957-958) or pursuant to CPLR 5015 (a) (2) upon the weight of newly discovered evidence (*see, McGovern v Getz*, 193 AD2d 655, 657, *lv dismissed* 82 NY2d 741). We note that, although the blood test result tending to establish that another man was the child's father was unavailable at the time of the paternity adjudication, the fact sought to be established by that evidence, i.e., that respondent is not the child's father, was known and purposely withheld from Family Court.

In any event, because at the time of Family Court's order re-

spondent had held himself out to be the child's father for a period of nearly five years and a loving relationship had developed between the two, respondent should be equitably estopped from disclaiming paternity in the best interest of the child (*see, Matter of Peter BB. v Robin CC.*, 256 AD2d 889, 890; *Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660-661; *Matter of Commissioner of Social Servs. [Barbara A.] v Gregory B., supra*, at 957-958).

Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.