■ In the Matter of NANCY GENTRY, Respondent, v DOUGLAS LITTLEWOOD, Appellant. [703 NYS2d 639] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Family Court erred in determining that petitioner met her burden of proof on her petition for an upward modification of child support. A stipulation settling the issue of child support was incorporated but not merged in a judgment of divorce entered in December 1994. In September 1995 petitioner filed the present petition, alleging that the needs of the children were not being adequately met. At the hearing before a Hearing Examiner in 1996 petitioner failed to present any documentary or other supporting proof of specific unmet needs (*see, Webb v Webb,* 197 AD2d 847, 847-848). Her "generalized claims that the child[ren]'s needs have increased * * * do not warrant an upward modification of support" (*Matter of Tripi v Faiello,* 195 AD2d 958, *lv dismissed* 82 NY2d 803). "The party seeking upward modification must provide specific dollar amounts of the increase in the cost 'related to the child[ren]'s basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the child[ren]'s varied interests and school activities'" (*McArthur v Bell* [appeal No. 2], 201 AD2d 974, 975, *lv dismissed* 83 NY2d 906, *lv denied* 85 NY2d 809).

We reject petitioner's contention that this issue is not properly before us. Respondent did not file a notice of appeal until entry of the order fixing his support obligation under the Child Support Standards Act. His appeal from that final order of disposition brings up for review the nonfinal order determining that the needs of the children were not being met under the stipulation (*see*, CPLR 5501 [a] [1]; *see also*, Family Ct Act § 1112 [a]; *Dompkowski v Dompkowski*, 154 AD2d 950, 951). Because petitioner did not take an appeal, her contention with respect to the amount of attorney's fees awarded is not properly before us. (Appeal from Order of Erie County Family Court, Dillon, J.—Support.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.