■ In the Matter of JOSEPH M. W., Appellant, v CRYSTAL B. R., Respondent. (Appeal No. 1.) [715 NYS2d 200] —Appeal unanimously dismissed without costs. Same Memorandum as in *Matter of Joseph M. W. v Crystal B. R.* (275 AD2d 998 [decided herewith]). (Appeal from Order of Monroe County Family Court, Kohout, J.—Custody.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ In the Matter of JOSEPH M. W., Appellant, v CRYSTAL B. R., Respondent. (Appeal No. 2.) [713 NYS2d 429] —Order unanimously affirmed without costs. Memorandum: Family Court properly granted respondent's motion to dismiss the petition seeking custody of the parties' child on the ground that the court lacks subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act ([UCCJA] Domestic Relations Law art 5-A) and the Parental Kidnaping Prevention Act ([PKPA] 28 USC § 1738A). The record establishes that the child was born in Michigan and had lived there continuously with respondent when this proceeding was commenced two weeks

later. Thus, Michigan is the "home state" of the child under the definitions in both the UCCJA (Domestic Relations Law § 75-c [5]) and the PKPA (28 USC § 1738A [b] [4]). The Michigan Circuit Court agreed to exercise jurisdiction over the custody proceeding initiated by respondent in that State, and thus no basis exists for the exercise of jurisdiction by a New York court (*see*, Domestic Relations Law § 75-d). Family Court, therefore, could not assume jurisdiction over this proceeding consistent with the UCCJA (*see*, Domestic Relations Law § 75-d) or the PKPA (*see*, 28 USC § 1738A [c] [2] [B] [i]; *Matter of Hahn v Rychling*, 258 AD2d 832, 834-835, *lv dismissed* 93 NY2d 954). The court properly rejected petitioner's contention that New York is the home state of the child because respondent is a New York resident living temporarily in Michigan to attend college. Assuming, arguendo, that the record supports that contention, we conclude that "the determination of a child's home state under the UCCJA and PKPA is separate and distinct from the determination of * * * the parents' * * * legal residence[s]" (*Matter of Consford v Consford*, 271 AD2d 106, 111).

The appeal from the order determining that Michigan is the home state of the child and staying the proceeding pending the jurisdictional determination of the Michigan Circuit Court must be dismissed. That order is brought up for review on the appeal from the order granting respondent's motion to dismiss the petition (*see*, CPLR 5501 [a] [1]; *see also, Matter of Gentry v Littlewood*, 269 AD2d 846, 847). (Appeal from Order of Monroe County Family Court, Kohout, J.—Custody.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.