■ In the Matter of JENNIFER LL., Appellant, v MICHAEL MM. et al., Respondents. [735 NYS2d 234] —Carpinello, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered August 21, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to vacate a prior order of filiation.

The child who is the subject of this proceeding is now 13 years old. Petitioner is her mother and respondent Michael MM. is the only father she has known since infancy, he having been so adjudged by an order of filiation entered in a 1989 paternity proceeding. Notably, petitioner and Michael MM. each appeared in that proceeding, waived their respective rights to representation by counsel, blood-grouping tests and a hearing and, after having been advised of the consequences of a paternity determination, both admitted that Michael MM. was the child's father.

In May 2000, nearly 11½ years after the child was born and 11 years after the order of filiation, petitioner sought to vacate the order because another man, respondent Brian NN., has verbally claimed to be the child's biological father due to al-

leged similarities in their appearances. Petitioner claims that the child's best interest, in addition to apparent "misstatements" to Family Court at the time she and Michael MM. appeared on the initial paternity petition, are "suitable and sufficient grounds" for vacatur. We strongly disagree.

As aptly noted by Family Court, the pertinent issue is "not whether [Michael MM.] is the child's biological father, but whether [petitioner] made a sufficient demonstration that the prior order of filiation should be vacated" (*Matter of Jennifer W. v Steven X.*, 268 AD2d 800, 801; *see, Matter of Rosa v Diaz*, 136 AD2d 512, 514). As there is no reference in the petition to the specific statutory ground upon which petitioner seeks vacatur (*see,* CPLR 5015 [a]), it can only be gleaned from the record on appeal to be "newly-discovered evidence" (CPLR 5015 [a] [2])*. To this end, we note that an order settling the paternity of a child should not be vacated on this basis in the absence of " 'evidence *strongly* indicative of a result different than the one previously reached' " (*Matter of Beaudoin [Patricia B.] v Robert A.*, 199 AD2d 842, 844, quoting *Matter of Rosa v Diaz, supra*, at 514 [emphasis supplied]). Here, the only "new" evidence advanced in the petition is that Brian NN. has allegedly claimed to be the child's father because the child resembles him. This Court has found on numerous previous occasions that this type of dubious conjecture does not rise to the level of "newly-discovered evidence" contemplated by CPLR 5015 (a) (2) (*see, Matter of Mary C. v Charles E.*, 188 AD2d 718, *lv denied* 81 NY2d 707; *Matter of Rosa v Diaz, supra; see also, Catherine A. v David B.*, 249 AD2d 964, *lv dismissed* 92 NY2d 919; *Matter of Thomas v Rosasco*, 226 AD2d 800; *Matter of Erie County Dept. of Social Servs. v Vaughn W.*, 197 AD2d 924).

To the extent that petitioner claims that Family Court erred in not conducting a hearing in this matter, we note that petitioner never requested one (*cf., Matter of Eugene F.G. v Darla D.*, 261 AD2d 958). In any event, it is undisputed that Michael MM. had been the only father the child had known for well over a decade and that he had been required to respond to various child support petitions and court supervised visitation disputes over the years without the issue of paternity ever having been raised (*see, Matter of Thomas v Rosasco, supra;*

---

* Indeed, petitioner confirms on appeal that she seeks to vacate the prior order on this ground. She also refers to an additional ground in her brief, that is, "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). Surely, petitioner knew that she had engaged in sexual intercourse with more than one individual during the probable period of conception and thus can hardly be considered the victim of fraud, misrepresentation or misconduct concerning the paternity of her child.

*see also, Matter of Barbara A.M. v Gerard J.M.*, 178 AD2d 412; *cf., Matter of Commissioner of Social Servs. of Tompkins County v Gregory B.*, 211 AD2d 956).

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.