■ In the Matter of ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of PATRICIA L., Respondent, v JUNIOR L.C., Appellant. [744 NYS2d 788] —Appeal from an order

of Family Court, Onondaga County (Klim, J.), entered March 23, 2001, which dismissed respondent's motion to vacate an order of filiation and support, entered June 15, 1992.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Respondent appeals from an order dismissing his pro se motion to vacate an order of filiation and support entered in 1992. Although the 1992 order recites that respondent was present in court for the filiation and support proceeding and admitted to paternity, respondent alleged in the instant motion that he was never notified of the filiation and support proceeding and never appeared in Family Court on the date set for the hearing. Respondent explains in his brief that he first became aware of the existence of the order when he was notified by the New York State Department of Motor Vehicles in the year 2000 that his driving privileges were being suspended based on child support arrears, pursuant to Family Ct Act § 548-a.

Respondent was not physically present in court on the return date of his motion, but the record establishes that he was "available by telephone" to communicate with the court. The child's mother was present, and she stated on the record that respondent was present in court at the proceeding in 1992, admitted paternity at that time, and the child believed respondent was her father. The court did not attempt to communicate with respondent by telephone, and respondent did not participate in the "inquest." The court dismissed the motion on the ground that respondent failed to set forth sufficient grounds to reopen the 1992 order of filiation and support.

Relief from an order of paternity is governed by CPLR 5015 (a) (see Matter of D'Elia v Douglas B., 138 Misc 2d 370, 375), which provides for relief from a judgment or an order on the grounds of, inter alia, fraud and lack of jurisdiction. Respondent alleges fraud, claiming that he was not the person who admitted paternity in court in 1992. Respondent also alleges lack of jurisdiction, based on his lack of notice of the filiation and support proceeding. In light of the allegations of respondent, we agree with respondent that the court should have conducted a hearing to determine the validity of those allegations (see e.g. Matter of Mancini v Simes, 247 AD2d 270). The "inquest" with the child's mother and with respondent "available by telephone" but neither contacted nor provided the opportunity to cross-examine the child's mother cannot be said to

have provided respondent with the "day in court" that he seeks. We therefore reverse the order and remit the matter to Family Court, Onondaga County, for a hearing on the motion. Present—Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.