■ DALE V. SHOUSE, Respondent, v ALBERT G. LYONS, JR., et al., Appellants. [772 NYS2d 177]—

Appeal from an order of the Supreme Court, Monroe County (Eugene W. Bergin, J.), entered November 13, 2002. The order denied defendants' motion to vacate a default judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed in the exercise of discretion without costs, the motion is granted and the default judgment is vacated.

Memorandum: Defendants, the daughter and son-in-law of plaintiff, appeal from an order denying their motion to vacate a default judgment entered in 1998 based on defendants' default on two alleged loans. We previously affirmed an order denying defendants' motion to vacate the default judgment pursuant to CPLR 5015 (a) (1) (*Shouse v Lyons*, 265 AD2d 901 [1999]) and dismissed the appeal from an order denying reargument of that motion (*Shouse v Lyons*, 265 AD2d 902 [1999]). Since that time, defendants have successfully prosecuted a legal malpractice action against the two attorneys representing them at the time plaintiff obtained the default judgment. They also obtained documentary evidence supporting their current contention that plaintiff engaged in fraud, misrepresentation or other misconduct. Defendants again moved to vacate the default judgment based on newly discovered evidence and misconduct, pursuant to CPLR 5015 (a) (2) and (3). Supreme Court denied the motion, concluding that the evidence could have been discovered earlier had defendants exercised reasonable diligence.

The crucial evidence submitted by defendants on the motion consists of transcripts establishing that plaintiff swore in a deposition in another action that one of the alleged loans was a gift, and that part of the interest on the other alleged loan was forgiven as a gift. Defendants also submitted an affidavit from a handwriting expert who averred that defendants' signatures on a document plaintiff submitted to the court in support of his contention that the monies were loans were forged.

We agree with the court that the evidence submitted by defendants is not newly discovered. "Only evidence which was in existence but undiscoverable with due diligence at the time of judgment may be characterized as newly discovered evidence" (*Matter of Commercial Structures v City of Syracuse*, 97 AD2d 965, 966 [1983]; *see Kerner v Kerner* [appeal No. 5], 262 AD2d 1082 [1999], *lv dismissed* 94 NY2d 873 [2000]; *Texido v S & R Car Rentals Toronto*, 244 AD2d 949 [1997], *lv dismissed in part and denied in part* 91 NY2d 938 [1998]). The evidence submit-

ted by defendants could have been discovered with due diligence but for the neglect of their attorneys.

We further conclude, however, that the evidence defendants submitted that plaintiff gave sworn testimony contrary to his sworn statements in this matter constitutes evidence of fraud, misconduct or misrepresentation by plaintiff warranting vacatur of the default judgment (*see Tonawanda School Empls. Fed. Credit Union v Zack*, 242 AD2d 894 [1997]). In our view, the court's failure to vacate the default judgment on that ground was an improvident exercise of discretion. The delay in making the motion was sufficiently explained by defendants' fourth attorney and, under the circumstances of this case, does not warrant denial of the motion (*cf. City of Albany Indus. Dev. Agency v Garg*, 250 AD2d 991, 993 [1998]). We therefore reverse the order, grant the motion and vacate the default judgment. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.