RAPHAEL SOLOMON, Appellant, v MYRAH SOLOMON, Respondent. [813 NYS2d 787]—

Mugglin, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 18, 2005 in Ulster County, which denied plaintiff's motion to vacate a judgment of divorce.

When this matrimonial action was last before us, we modified that portion of the judgment of divorce regarding defendant's purchase of a lot at 167 Hoyt Street in the Town of Esopus, Ulster County, concluding that since the property was purchased

with marital funds, plaintiff was entitled to a 50% credit (307 AD2d 558, 561 [2003], *lv denied* 1 NY3d 546 [2003]). The present appeal stems from Supreme Court's denial of plaintiff's motion to vacate the judgment of divorce with respect to the Hoyt Street property. Principally, plaintiff contends that defendant's testimony at trial with respect to her investment in the Hoyt Street property was at least fraudulent, if not perjurious. According to plaintiff, since the trial, he has newly discovered evidence which establishes that defendant expended marital funds totaling $248,904.28 to construct a residence on the Hoyt Street property. Thus, plaintiff maintains that he is entitled to a recalculation of his share in the equitable distribution of this asset. For the reasons which follow, we affirm Supreme Court's denial of the motion.

A motion which seeks to vacate a judgment pursuant to CPLR 5015 (a) is addressed to the sound discretion of the court (*see KLCR Land Corp. v New York State Elec. & Gas Corp.,* 15 AD3d 719, 720-721 [2005]; *Dyno v Lewis,* 300 AD2d 784, 785 [2002], *lv dismissed* 99 NY2d 651 [2003]), and will not be disturbed absent a clear abuse of that discretion (*see Fish v Fish,* 251 AD2d 942, 943 [1998]). The newly discovered evidence to which plaintiff points as supportive of his position consists mainly of checks drawn on funds contained in defendant's personal account, a certificate of occupancy for the constructed residence in defendant's name, payments of various realty taxes on the property by defendant and a deed showing defendant's acquisition of a 50% interest in the property. A judgment may be vacated if it is established that it was predicated upon fraudulent testimony which affected the outcome of the trial (*see Pizzi v Anzalone,* 261 AD2d 374, 374-375 [1999]; *LaPaglia v Sears Roebuck & Co.,* 143 AD2d 173, 178-179 [1988], *appeal dismissed and lv denied* 74 NY2d 624 [1989]). Moreover, the judgment may be vacated if the new evidence demonstrates that perjury at trial was of significant magnitude (*see Trapp v American Trading & Prod. Corp.,* 66 AD2d 515, 518 [1979]). However, newly discovered evidence which serves merely to attack a witness's credibility does not ordinarily form an adequate basis upon which to vacate a judgment (*see S.A.B. Enters. v Stewart's Ice Cream Co.,* 242 AD2d 845, 846 [1997], *lv dismissed* 91 NY2d 848 [1997]).

Plaintiff maintains that the web of evidence he has produced unequivocally demonstrates a conspiracy between defendant and Zafar Hussain Shah, the individual to whom defendant conveyed the property without consideration, during the matrimonial action and that such evidence, when viewed in its total-

ity, demonstrates that defendant's trial testimony was engineered specifically to avoid or limit plaintiff's interest in the full value of the property purchased and improved with marital funds. We disagree. First, although the evidence upon which plaintiff now relies may fairly be characterized as "newly discovered" since it could not have been discovered prior to trial by the exercise of due diligence (*see Shouse v Lyons,* 4 AD3d 821, 822-823 [2004]; *Weinstock v Handler,* 251 AD2d 184, 184 [1998], *lv dismissed* 92 NY2d 946 [1998]), the motion is untimely since plaintiff could have discovered the evidence to which he now points prior to the entry of judgment (*see Green Point Sav. Bank v Arnold,* 260 AD2d 543, 543-544 [1999]; *Richard B. v Sandra B.B.,* 209 AD2d 139, 144-145 [1995], *appeal dismissed* 87 NY2d 861 [1995]). Second, the evidence to which plaintiff points does not conclusively establish that defendant's testimony at trial with respect to the Hoyt Street property was either fraudulent or perjurious. Many of the checks which plaintiff has produced in an effort to establish the extent of defendant's expenditures with respect to the improvement of the Hoyt Street property represent expenditures wholly unrelated to the construction of a residence. Third, the evidence does not support plaintiff's speculation concerning the relationship between Shah and defendant and their conspiracy to deprive plaintiff of his fair share of the Hoyt Street property. Although plaintiff now maintains that Shah was personally unable to finance the improvements due to poor financial status, he offers no evidentiary support for this assertion. Likewise, although plaintiff's evidence may raise some suspicions, it is simply insufficient to support the conclusion that defendant's trial testimony in this regard was fraudulent or perjurious. Accordingly, we conclude that Supreme Court did not abuse its discretion in denying plaintiff's motion to vacate the judgment of divorce.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, without costs.