■ In the Matter of GINA L., Respondent, v DAVID W., Appellant. [826 NYS2d 338]—

In a paternity proceeding pursuant to Family Court Act article
5, the putative father appeals from an order of the Family Court,

Richmond County (Porzio, J.), dated September 27, 2005, which, after a hearing, denied his motion to vacate an order of filiation of the same court (Panepinto, H.E.), dated June 15, 1993.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly denied the putative father's motion to vacate the order of filiation. The putative father claimed that the order should be vacated, as a paternity test revealed that he was not the biological father of the subject child. The doctrine of equitable estoppel may be applied to preclude a parent from challenging an order of filiation. It is the child's best interests which are of paramount concern (*see Matter of Griffin v Marshall*, 294 AD2d 438 [2002]; *Matter of Louise P. v Thomas R.*, 223 AD2d 592 [1996]; *Matter of Barbara A.M. v Gerard J.M.*, 178 AD2d 412 [1991]). Where a child justifiably relies on the representations of a man that he is his or her father with the result that the child will be harmed by the man's denial of paternity, the man may be estopped from asserting that denial (*see Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]).

Because the child is the party in whose favor estoppel was applied, the equities between the two adults are not involved here. The case turns exclusively on the best interests of the child. There can be no claim that the child was guilty of fraud or misrepresentation (*id.* at 330-331).

The child's testimony, which was credited by the Family Court, demonstrates that she relied on the putative father's representations by accepting him as her father and treating him as such. The Family Court properly found that it would not be in her best interests to now allow the putative father to renounce paternity (*id.* at 328). Adams, J.P., Ritter, Lunn and Covello, JJ., concur.