■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF ULSTER COUNTY, on Behalf of DIANN F. MONTGOMERY, Respondent, v KENLEY POWELL, Appellant. [833 NYS2d 285]—

Spain, J. Appeal from an order of the Family Court of Ulster County (Work, J.), entered February 4, 2005, which, inter alia, denied respondent's motion, in a proceeding pursuant to Family Ct Act article 4, to vacate a prior order of filiation.

Following a trial, Family Court issued an order of filiation dated June 4, 1986 declaring respondent, who was represented by counsel, to be the father of a male child born on February 6, 1984 to Julie Harris, who was not married. The court's written decision* reflects that, at trial, Harris identified respondent as the sole person with whom she had sexual intercourse during the pertinent time frame, that respondent testified admitting such relations but only prior to the pertinent time, and that blood tests indicated a 99.92% probability of his paternity. No appeal was taken from that order (*see* Family Ct Act § 1112; *see also Matter of Jane PP. v Paul QQ.*, 64 NY2d 15 [1984] [filiation order which makes no provision for support is appealable as of right]).

The child's aunt, Diann F. Montgomery, obtained custody in 1986 and the Ulster County Department of Social Services pursued a child support petition on her behalf in 2001. After a hearing, the Hearing Examiner ordered respondent to pay $25 in monthly child support, which Family Court affirmed by decision and order of November 9, 2001, rejecting respondent's objections. No appeal from that order was perfected (*see Dompkowski v Dompkowski*, 154 AD2d 950 [1989]). It appears that respondent never voluntarily paid child support (although some of it was acquired by garnishment) or had a relationship with the child, who is now an adult.

In May 2004, a Support Magistrate found respondent to have willfully violated the 2001 support order, and a judgment was entered against him for $205.95 in arrears. Respondent did not file objections or appeal, instead moving in August 2004 by order to show cause to vacate the 1986 order of paternity and 2001 child support order; respondent was represented by counsel until he discharged counsel in late December 2004, prior to the date that Family Court issued its order now on appeal. Respondent alleged that while he had blood drawn pursuant to the court order, it was not respondent who appeared at

---

* The transcript from that trial is reportedly no longer available.

the 1986 paternity trial nor was he the person in the picture affixed to the blood work submitted to the court. He denied paternity and alleged that a fraud had been committed upon the court. Harris moved, in response, to dismiss respondent's motion.

Family Court issued a lengthy written decision and order denying respondent's motion to vacate the paternity order, based, in part, upon the doctrine of laches. The court concluded that respondent had failed to proffer any real excuse for failing to appeal from either the 1986 paternity order or the 2001 child support order, or for his delay in raising the present fraud-based challenges to his paternity, and that there was no newly discovered evidence. We affirm.

Respondent's motion to vacate the 1986 order of paternity and the 2001 child support order premised upon fraud or newly discovered evidence is governed by CPLR 5015 (a) (*see Matter of Jennifer LL. v Michael MM.*, 289 AD2d 896, 897 [2001]). It was, of course, respondent's burden as the movant to show that the prior orders should be set aside by submission of sufficient evidence supporting the grant of such relief (*see Matter of Mary C. v Charles E.*, 188 AD2d 718, 718 [1992], *lv denied* 81 NY2d 707 [1993]; *Matter of Rosa v Diaz*, 136 AD2d 512, 514 [1988]). Notably, the dispositive issue is "not whether respondent is the child's biological father, but whether [he] made a sufficient demonstration that the prior order of filiation should be vacated" (*Matter of Jennifer W. v Steven X.*, 268 AD2d 800, 801 [2000]; *accord Matter of Jennifer LL. v Michael MM., supra* at 897; *Matter of Rosa v Diaz, supra* at 514).

To the extent that respondent's motion to vacate is based upon his claims of fraud (*see* CPLR 5501 [a] [3]), we discern no improvidence in its denial (*see Solomon v Solomon*, 27 AD3d 988, 989 [2006]). Respondent's allegations—that the mother and an unidentified imposter committed perjury at the paternity trial in 1986 and submitted the imposter's blood samples (and photographs) in respondent's name—were not raised in any form until 2002, at the earliest, and are unsupported by any evidence other than respondent's own conclusory affidavit (*see Matter of Dolan v Jay E.*, 183 AD2d 969 [1992]; *cf. Shouse v Lyons*, 4 AD3d 821, 822-823 [2004]). Indeed, respondent admits that he was served with the paternity petition in 1984 and that he had blood drawn pursuant to court orders. He had actual notice of the paternity proceedings (1984-1986) and child support proceedings in 2001, and the court orders were mailed to him. In addition, he offers no reasonable explanation why he purportedly did not appear at the paternity trial or proof of his nonap-

pearance (*see Matter of Helen T. v Roosevelt B.*, 256 AD2d 583, 584 [1998]), he makes no allegation that his nonappearance was due to any fraud or misrepresentation, and he does not attempt to explain why the "imposter" contested paternity (*cf. Matter of Onondaga County Dept. of Social Servs. v Junior L.C.*, 296 AD2d 845, 846 [2002] [challenge to jurisdiction]).

As to respondent's efforts to classify the foregoing under the "newly discovered evidence" rubric (*see* CPLR 5015 [a] [2]), suffice it to say that "an order settling the paternity of a child should not be vacated on this basis in the absence of 'evidence *strongly* indicative of a result different than the one previously reached' " (*Matter of Jennifer LL. v Michael MM., supra* at 897, quoting *Matter of Rosa v Diaz, supra* at 514 [emphasis added]; *see Matter of Beaudoin v Robert A.*, 199 AD2d 842, 844 [1993]). While there is no stated time limit on a motion to vacate based upon newly discovered evidence (or fraud), the "evidence" submitted by respondent certainly failed to meet this high threshold burden and, moreover, could have been discovered by him with due diligence in time to make a posttrial motion (*see Shouse v Lyons, supra* at 822-823; *Matter of Jennifer LL. v Michael MM., supra* at 897; *Matter of Beaudoin v Robert A., supra* at 844; *see also Matter of Mark D. v Marion M.*, 12 AD3d 1082, 1082-1083 [2004]). "A court order purporting to settle something as fundamentally important as the paternity of a child is not susceptible of vacatur upon so dubious a ground" (*Matter of Rosa v Diaz, supra* at 514 [citation omitted]; *see Matter of Jennifer LL. v Michael MM., supra* at 897; *Matter of Mary C. v Charles E., supra* at 718; *see also Matter of Vernon J. v Sandra M.*, 36 AD3d 912, 913 [2007]).

Finally, we perceive no basis upon which to disturb Family Court's conclusion that respondent's motion to vacate the 1986 order of paternity and 2001 order of support should be denied on the grounds of laches. Of course, laches is no bar to a paternity proceeding, which is a creature of statute, provided it is commenced within the statutory limitations period (*see* Family Ct Act § 517; *see also Matter of Cortland County Dept. of Social Servs. v Thomas ZZ.*, 141 AD2d 119, 122 [1988]). However, we perceive no reason to foreclose its application to respondent's motion to vacate, where lack of jurisdiction or representation are not claimed (*see* CPLR 5015 [a] [4]; *see also Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *cf.* Family Ct Act § 262 [a] [viii]; *Matter of Onondaga County Dept. of Social Servs. v Junior L.C., supra* at 846; *Berlin v Sordillo*, 179 AD2d 717, 719-720 [1992]). Notably, courts regularly invoke the doctrine of equitable estoppel to preclude parents' motions

to vacate orders of filiation (*see e.g. Matter of Vernon J. v Sandra M., supra* at 913; *Matter of Gina L. v David W.,* 34 AD3d 810, 811 [2006]; *Matter of Jennifer W. v Steven X., supra* at 802; *see also Matter of Cortland County Dept. of Social Servs. v Thomas ZZ., supra* at 122). We find that Family Court properly invoked laches under these circumstances, and find no abuse of discretion in the denial of respondent's motion to vacate the orders (*see Solomon v Solomon, supra* at 989).

Cardona, P.J., Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.