■ PETER F. DAVEY, Appellant, v KEVIN J. DOLAN et al., Defendants, and MARY R. DAVEY, Respondent. [851 NYS2d 576]— In an action, inter alia, to recover damages for fraud, false arrest, and false imprisonment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated June 27, 2006, which granted the motion of the defendant Mary R. Davey for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the affirmation of the moving defendant's attorney was sufficient to support the motion for summary judgment as it was based upon his personal knowledge of the facts and was supported by documentary evidence (*see Ellman v Village of Rhinebeck*, 41 AD3d 635, 636 [2007]; *Krohn v Felix Indus.*, 302 AD2d 499, 500 [2003]; *Pantaleone v Viewmore Homes*, 225 AD2d 599, 600 [1996]; *Cerulean Land Developers Corp. v Colon Dev. Corp.*, 144 AD2d 615, 616 [1988]).

In opposition to the moving defendant's prima facie showing of entitlement to judgment as a matter of law with respect to the causes of action alleging malicious prosecution, abuse of process, and false arrest, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Furthermore, the evidence does not support the plaintiff's contention that the moving defendant committed perjury (*see Matter of Commissioner of Social Servs. of Ulster County v Powell*, 39 AD3d 946, 948 [2007]; *Solomon v Solomon*, 27 AD3d 988, 990 [2006]).

In addition, the cause of action alleging fraud was barred by the doctrine of res judicata (*see Xiao Yang Chen v Fischer*, 6 NY3d 94 [2005]; *Boronow v Boronow*, 71 NY2d 284 [1988]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Balkin, JJ., concur.