In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Bangs County (Rothenberg, J.), dated November 3, 2011, which granted the motion of *862 nonparty Vincent T. Longobardi to vacate a judgment of foreclosure and sale and set aside the sale of the property.
Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment of foreclosure and the sale are reinstated.
The plaintiff commenced the instant action in January 2006 seeking to foreclose upon a mortgage obligation. Upon the plaintiffs motion following the defendants’ failure to answer or appear, the Supreme Court, Kings County, issued a default judgment of foreclosure and sale on November 15, 2006. On March 26, 2007, nonparty Vincent T. Longobardi acquired a one-third interest in the property from the defendant Paul Lively, also known as Jean Lively. On October 16, 2008, the plaintiff acquired title to the property by placing the highest bid at a foreclosure sale. On January 20, 2011, Longobardi moved to vacate the judgment of foreclosure and sale and set aside the sale, and the Supreme Court granted the motion.
A movant seeking to vacate a default judgment must establish one of the statutory grounds under CPLR 5015 (a), which include, inter alia, excusable default, newly discovered evidence, and fraud, misrepresentation, or other misconduct by an adverse party (see CPLR 5015 [a]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). In addition, a court may vacate its own judgment “for sufficient reason and in the interests of substantial justice” (Woodson v Mendon Leasing Corp., 100 NY2d at 68). It is the movant’s burden “to show that the prior order[ ] should be set aside by submission of sufficient evidence supporting the grant of such relief” (Matter of Commissioner of Social Servs. of Ulster County v Powell, 39 AD3d 946, 948 [2007]; see Matter of Jean G.S., 59 AD3d 998, 999 [2009]).
Here, Longobardi failed to meet that burden (see Matter of Jean G.S., 59 AD3d at 999; see also Bay Crest Assn., Inc. v Paar, 99 AD3d 744, 746 [2012]).
The parties’ remaining contentions either are without merit, are based on matter dehors the record, or need not be reached in light of our determination.
Thus, Longobardi’s motion to vacate the judgment of foreclosure and sale and set aside the sale should have been denied. Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.