(November 15, 1984)

■ CAMILLA ROYALL, Respondent, v JOHN ROYALL, Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered November 30, 1983, denying defendant's motion to vacate a judgment of divorce entered on default, unanimously modified, on the law and the facts, and in the exercise of discretion, without costs or disbursements and the motion is granted to the extent of remanding the matter for a hearing on the issues of whether defendant was personally served and whether plaintiff, prior to the entry of judgment, misled defendant into believing that she had abandoned the action, and, except as thus modified, affirmed. Pending the hearing, the judgment stands.

Contrary to Special Term's finding, defendant did not admit that he had been properly served. Contradicting the affidavit of service, he alleges that the summons and notice were left under his door. If that be true, service was not effected in accordance with the requirements of any of the diverse methods set forth in CPLR 308. Without a jurisdictional underpinning a judgment may not stand. That defendant eventually came into possession of the summons does not cure the defect if the summons was improperly served. Thus, an issue as to jurisdiction is posed.

The second issue warranting remand arises from the fact that plaintiff waited almost a year before taking a default in this, the fourth action for divorce which she brought against defendant in less than three years. The three earlier actions were abandoned. As in the earlier actions plaintiff told defendant that he need not worry about the summons if he "shaped up." Thus, the hearing should also resolve the question of whether, by virtue of plaintiff's abandonment of the earlier actions and her conduct here, defendant was lulled into a belief that this action would be likewise abandoned. Pending determination of the hearing, however, and depending on the outcome thereof, the judgment shall stand. Concur — Murphy, P. J., Kupferman, Sullivan and Milonas, JJ.