■ IVAN MANN, Appellant, v JO-ANN MANN, Respondent.— In a matrimonial action, the plaintiff husband appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated February 26, 1988, which denied his motion to vacate his default in opposing a motion by the defendant wife to limit his visitation rights, and (2) a judgment of the same

court, dated February 26, 1988, which limited his visitation rights.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, without costs or disbursements, the order is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff husband defaulted in opposing the defendant wife's application to, *inter alia,* prohibit him from visiting their children in the presence of a woman with whom he was residing. The husband moved to vacate the memorandum decision directing the wife to submit a judgment awarding her the relief she requested. He argued, *inter alia,* that he possessed a reasonable excuse and a meritorious defense. In his moving papers, the husband advised that he had decided to oppose the motion *pro se,* and that after receiving the wife's papers, he appeared at the court on the return date only to discover that the court was closed for the Christmas holidays. Significantly, the record further reveals that the order to show cause by which the wife brought on her application authorized service as late as only three days prior to the return date designated. In further support of his motion, the husband submitted an affidavit in which he: (1) disputed the wife's contention that his girlfriend's presence was a disruptive influence, (2) argued that his wife's contentions were conclusory and therefore inadequate to support the relief granted without a hearing, especially where the fundamental right of visitation was involved, and (3) contended that the difficulties surrounding his visitation were attributable solely to his wife's interference. The court denied his motion.

A review of the record, tempered by the more liberal approach taken concerning defaults in matrimonial actions *(see, Singer v Singer,* 136 AD2d 695, 697), establishes that the court improvidently exercised its discretion in denying the plaintiff's motion. Acting *pro se,* and apparently with limited time in which to frame a response, the husband made a reasonable effort under the circumstances to appear in re-

sponse to the wife's application. Moreover, his affidavit suggests that his opposition to the wife's application would have raised questions concerning the sufficiency of her contentions with regard to his girlfriend's alleged disruption of visitation and detrimental influence upon the children. Nor has the wife articulated the existence of prejudice in the event the husband is relieved of his default. Finally, our conclusion is buttressed by the remedial policy which favors the resolution of disputes on their merits, especially where a fundamental parental right such as visitation is concerned *(see, Resnick v Zoldan,* 134 AD2d 246; *Biamby v Biamby,* 114 AD2d 830). Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing with respect to the wife's application. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.