■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of ANTHONY T. and Others, Respondent, v RAFAEL B., Respondent-Appellant, et al., Respondent.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Torres, J.), dated January 2, 1991, which denied his motion to vacate so much of a fact-finding order of the same court, dated October 19, 1990, as, upon his default in appearing at the fact-finding hearing, found him guilty of neglect. The father's notice of appeal from the order dated October 19, 1990, is treated as a premature notice of appeal from the order dated January 2, 1991 *(see,* CPLR 5520 [c]).

Ordered that the order dated January 2, 1991, is reversed, on the law, without costs or disbursements, the father's motion to vacate his default in appearing at the fact-finding hearing is granted, the fact-finding order dated October 19, 1990, and three dispositional orders dated May 21, 1991 (one order as to each child), are vacated insofar as they are applicable to him, and the matter is remitted to the Family Court, Queens County, for a new fact-finding hearing with respect to those allegations of the petition which are asserted against the appellant.

In December 1989 the petitioner Commissioner of Social Services of the City of New York brought the instant proceeding against Susan B. and the appellant Rafael B., alleging that they were guilty of neglect. On October 19, 1990, the day of the fact-finding hearing, Susan B. and the appellant appeared after the hearing had begun, and waited outside the courtroom until the hearing concluded. Despite their absence, the court proceeded with the fact-finding hearing, and by order dated October 19, 1990, found that both parents were guilty of neglect. Both parents moved to vacate the fact-finding order, on the ground that they were late to the hearing on the morning of October 19, 1990, because it was cold outside, and the father had to borrow a car from a friend to drive his wife to the court. By order dated January 2, 1991, the court denied

the appellant's motion to vacate his default on the ground that he had not demonstrated an excusable default or a meritorious defense. Following a dispositional hearing, the court entered three dispositional orders dated May 21, 1991, which, among other things, barred the appellant from the home except for supervised visits.

On appeal, the appellant contends, *inter alia,* that the court erred when it denied his motion to vacate the fact-finding order dated October 19, 1990. Specifically, he argues that the court improperly applied the requirements contained in the CPLR 317 and 5015 for reopening a default judgment, when Family Court Act § 1042, directly applies to a motion to vacate a default. We agree.

Family Court Act § 1042 provides: "If the parent * * * is not present, the court may proceed to hear a petition * * *. If the parent * * * thereafter moves the court that a resulting disposition be vacated and asks for a rehearing, the court shall grant the motion * * * unless the court finds that the parent * * * willfully refused to appear at the hearing, in which case the court may deny the motion."

In the instant case, the appellant argues, and indeed, the petitioner concedes, that his failure to appear at the hearing was not willful, but that he appeared after the hearing had commenced, and was instructed not to enter the courtroom until the conclusion of the hearing. The record supports this fact. Thus, the evidence is insufficient to establish that the appellant willfully refused to appear at the hearing. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.