▇ In the Matter of PATRICIA J., Respondent, v LIONEL S., Appellant. [611 NYS2d 374] —Order unanimously reversed on the law without costs, motion granted, application granted and matter remitted to Kings County Family Court for further proceedings in accordance with the following Memorandum: After respondent defaulted in responding to the paternity petition, an order of filiation was entered adjudicating him to be the father of petitioner's son, Jared. A subsequent order directed respondent to provide support for the child. Respondent's motion to vacate the orders of filiation and support upon the ground of excusable default *(see,* CPLR 5015 [a] [1]) was denied. We reverse.

The general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involving the custody, care and support of children *(see, Mann v Mann,* 149 AD2d 669, 670; *D'Alleva v D'Alleva,* 127 AD2d 732, 733; *see also, Maureen G. v Kenneth G.,* 56 AD2d 644). Viewing the circumstances in light of "the remedial policy which favors the resolution of disputes on their merits", we conclude that respondent's motion should have been granted *(Mann v Mann, supra,* at 671).

In her brief, petitioner has expressed her desire that the matter be resolved on the merits and has consented to an

order directing the parties and the child to submit to blood tests *(see,* Family Ct Act § 532). We grant respondent's motion, therefore, to vacate the orders of filiation and support, grant petitioner's application to compel respondent to submit to a blood test *(see, Maureen G. v Kenneth G., supra),* and remit the matter to Kings County Family Court for further proceedings on the paternity petition. While the paternity proceeding remains pending, respondent is directed to continue child support payments in accordance with the order of support. (Appeal from Order of Kings County Family Court, Schechter, J.—Vacate Paternity Order.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.