■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ANNA B., a Child Alleged to be Abused, Appellant, v AMINE B., Respondent. [637 NYS2d 182] —In a proceeding pursuant to Family Court Act article 10, the Commissioner of Social Services appeals from an order of the Family Court, Queens County (Cozier, J.), dated July 5, 1995, which vacated a fact-finding order and a dispositional order of the same court, both dated September 14, 1988.

Ordered that the order dated July 5, 1995, is affirmed, without costs or disbursements.

The Family Court did not improvidently exercise its discretion by vacating the fact-finding order in which it determined that the father had sexually abused his daughter, and the dispositional order in which the court deprived the father of his right to any contact with the child until her 18th birthday. Pursuant to Family Court Act § 1042, if a parent who was not present at a hearing moves to vacate a dispositional order and asks for a rehearing, the court must grant the motion, unless the parent willfully refused to appear at the hearing, in which case the court may, in its discretion, deny the motion.

The father concedes that he willfully failed to appear at the fact-finding and dispositional hearings. Nevertheless, the father has presented sufficient evidence that the court failed to examine medical records which were dispositive as to whether he had sexually abused his child. Those medical records, prepared in conjunction with gynecological examinations of the child within days after the father's last contact with her, clearly indicate that there were no signs of sexual or physical abuse of the child. In contrast, the medical evidence considered by the court at the hearing, prepared by a physician who examined the child at least 15 weeks after the father's last contact with the child, indicated that the child showed definitive signs of vaginal and anal penetration.

Since the purpose of Family Court Act article 10 is to provide a due process of law for determining when the State may intervene against the wishes of the parent on behalf of the child to protect the child (Family Ct Act § 1011), the court must have a full and complete record in order to make a fair determination. If the earlier medical records had been available to the court for examination, it is possible that the court would have made a different determination.

It is also noteworthy that in 1992 this Court reversed the father's criminal conviction on the ground that the prosecution had failed to turn over the same medical records to the defense until the eve of trial, and the defense counsel failed to use the evidence effectively at trial (see, People v Baba-Ali, 179 AD2d 725). In that case, this Court stated that had the defendant known of the existence of those medical records well in advance of trial, there was a reasonable possibility that the outcome of the trial would have been different (People v Baba-Ali, supra, at 730).

Under the circumstances, the court did not improvidently exercise its discretion by relying upon Family Court Act § 1061

as an alternative basis for vacating the orders, since the father has shown good cause.

We have examined the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.