■ In the Matter of HENRY THOMAS, Appellant, v JANICE ROSASCO, Respondent. [640 NYS2d 299] —Mikoll, J. P. Appeal from an order of the Family Court of Delaware County (Estes,

J.), entered January 9, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to vacate prior orders of filiation.

The issue before this Court is whether Family Court abused its discretion in denying petitioner's application to vacate prior orders of filiation without a hearing. The record discloses that petitioner had been adjudged the father of respondent's children in a paternity proceeding initiated by him in 1990. Both respondent and petitioner appeared in that proceeding. Petitioner does not dispute the fact that he was sexually active with respondent during the periods of conception of the children. Petitioner also participated, with counsel, in a support proceeding involving the children in July 1993 in which paternity was again not challenged and in which it was determined that respondent was responsible for their support. Petitioner did not initiate an application to vacate the order of filiation until August 1994, a full year after support was ordered.

In his petition, petitioner alleges fraud on respondent's part and newly discovered evidence based on respondent's informing him that the children *may not* be his and that she had sexual relations with other men at the time they were conceived. He claims that she identified a specific person as being the youngest child's father, whom petitioner alleges the child resembles. Respondent denies these allegations and contends that petitioner did not part company with her shortly after the paternity proceeding as he alleges but rather three years later.

We conclude that Family Court had sufficient information before it to make a determination as to the best interests of the children without a hearing. In view of the underlying circumstances, fully articulated by Family Court, we conclude that Family Court properly dismissed the paternity proceeding on grounds of equitable estoppel. Where, as here, a significant period of time has elapsed since petitioner's prior admission of paternity was made, petitioner must proffer more than conjecture that the children may not be his. The evidence he offered did not rise to the level contemplated by CPLR 5015 (a) (2) (*see, Matter of Erie County Dept. of Social Servs. [Cebelle J.] v Vaughn W.*, 197 AD2d 924).

We note that petitioner is not aided in his position by his allegation that he has severed his relationship with the children since respondent's alleged fraud was revealed (*see, Richard B. v Sandra B. B.*, 209 AD2d 139, 144, *lv dismissed* 87 NY2d 861).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.