■ In the Matter of ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents, v GREGORY L. H., Appel-

lant. [680 NYS2d 783] —Order unanimously affirmed without costs. Memorandum: Twenty-one years after admitting his paternity with respect to Gregory H., respondent moved to vacate the order of filiation and support entered following that admission on the ground of fraud or misrepresentation (*see,* CPLR 5015 [a] [3]). Respondent alleged that petitioner, the child's mother, told him at some unspecified time that another man was the biological father of the child. Petitioner asserted in an opposing affidavit that she did not say anything to lead respondent to believe that he was not the father, that she engaged in sexual relations with respondent during the period of conception, and that she was not then engaged in a sexual relationship with any other man. She further asserted that, until a few years before he brought the motion, respondent held himself out to be the father and that the child believes respondent to be his father. The child is now emancipated.

Family Court did not abuse its discretion in denying respondent's motion without a hearing. "We conclude that Family Court had sufficient information before it to make a determination as to the best interests of the [child] without a hearing" (*Matter of Thomas v Rosasco,* 226 AD2d 800, 801). "Where, as here, a significant period of time has elapsed since entry of the order of filiation, a party seeking [a blood grouping] test to negate his prior admission of paternity must proffer more than conjecture that the child is not his" (*Matter of Erie County Dept. of Social Servs. [Cebelle J.] v Vaughn W.,* 197 AD2d 924, 925; *see, Matter of Shirley M. C. v Curley G.,* 188 AD2d 1080). Further, respondent is equitably estopped from denying his paternity due to the passage of time and the fact that he held himself out as the child's father for 16 years (*see, Matter of Thomas v Rosasco, supra,* at 801; *see also, Matter of Commissioner of Social Servs. of Tompkins County [Barbara A.] v Gregory B.,* 211 AD2d 956, 958; *Mancinelli v Mancinelli,* 203 AD2d 634, 635-636; *cf., Matter of Darcie T. v Robert M. L.,* 255 AD2d 955 [decided herewith]). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Vacate Order.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.