In the Matter of ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TIFFANY M. H., Respondent, v GREG G., Appellant. [709 NYS2d 315] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Family Court for further proceedings on the petition in accordance with the following Memorandum: Respondent failed to appear at a paternity proceeding and, upon his default, an order of filiation and support was entered. Almost six years later, petitioner sought an increase in respondent's child support obligation and respondent requested a genetic marker test to determine whether he was the father of the child. The parties stipulated to have the test performed, and the test results excluded respondent as the father of the child. Respondent thereafter moved, *inter alia*, to vacate the order of filiation and support on the ground that the mother had allegedly engaged in "fraud, misrepresentation, or other misconduct" (CPLR 5015 [a] [3]).

Family Court erred in denying the motion in its entirety. "The general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involving the custody, care and support of children" (*Matter of Patricia J. v Lionel S.*, 203 AD2d 979). Despite knowing that another man could have fathered her child, the mother allowed a paternity petition to be filed on her behalf against respondent only. In addition, during the paternity hearing, the mother failed to reveal that, around the time of conception, she had sexual intercourse with another man in addition to respondent. Under those circumstances, we agree with respondent that his motion to vacate the order of filiation and support should have been granted. We further agree with respondent that the doctrine of equitable estoppel should not apply to preclude him from challenging the order of filiation and support. The child's best interests are of paramount concern in determining whether the doctrine applies (*see, Matter of Louise P. v Thomas R.*, 223 AD2d 592, 593), and here respondent has never seen the child and has no relationship with her.

We therefore modify the order by granting respondent's motion in part and vacating the order of filiation and support, and we remit the matter to Erie County Family Court for further proceedings on the petition. (Appeal from Order of Erie County Family Court, Mix, J.—Support.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.