■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF COUNTY OF LOS ANGELES, on Behalf of DOL OTH, Respondent, v RATH UON, Appellant. [731 NYS2d 122] —Order unanimously reversed on the law without costs, objections granted, order of Hearing Examiner vacated, default order and amended order vacated and matter remitted to Onondaga County Family Court for further proceedings on the petition. Memorandum: Family Court erred in denying the objections of respondent to the order of the Hearing Examiner denying her motion to vacate a prior order entered upon her default. Respondent is a refugee from Cambodia and requires a translator during court appearances. She has two sons who reside with her ex-husband in California, a 20-year-old daughter who resides in New York City, and a daughter who resides with respondent. Effective November 1, 1996, respondent began paying support to offset the public assistance received by the daughter in New York City.

In June 1997 a petition was filed against respondent in California to recoup public assistance being received by respondent's sons. The petition was transferred to Onondaga County Family Court, and respondent and her translator appeared in court. Through her translator, respondent submitted a financial affidavit and denied portions of the petition. A temporary order of support was entered for $20 per week, and a date was set for a hearing. When respondent failed to appear for the hearing, an order dated September 16, 1997 was entered upon her default, requiring her to pay $376.67 per month, the amount sought in the petition. The order was effective April 1, 1993. An amended order was thereafter filed, but the amount of support and the effective date remained unchanged.

On June 16, 1999, one year after the amended order was filed, respondent moved to vacate the default order on the ground that she had been confused and was unaware that she was required to appear for a further hearing. The Hearing Examiner denied respondent's motion, determining that there was no excuse for the default because the transcript of the prior proceedings established that respondent had received notice of the return date.

We conclude on this record that the order entered upon respondent's default must be vacated in the interest of justice, regardless of respondent's delay in bringing the motion to vacate (see, Molesky v Molesky, 255 AD2d 821; CPLR 5015 [a]), particularly where, as here, the underlying issue involves the "care and support of children" (Matter of Patricia J. v Lionel S., 203 AD2d 979). We therefore reverse the order, grant

respondent's objections, vacate the order of the Hearing Examiner, vacate the order entered upon respondent's default and the amended order and remit the matter to Onondaga County Family Court for further proceedings on the support petition. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Vacate Order.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.