In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BROOKE R., Respondent, v JOSEPH C., JR., Appellant. BROOKE W., Formerly Known as BROOKE R., Respondent. [735 NYS2d 854] —Order unanimously reversed on the law without costs, petition reinstated, motion granted in part and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: Respondent stipulated to an order of filiation in 1991, when he was 21 years old, in the context of a proceeding in which petitioner alleged that the child's mother was or was likely to become a public charge. The mother had provided a sworn statement to petitioner naming respondent as the father and indicating she had not had sexual relations with anyone other than respondent during the relevant time period. The order in that proceeding also directed respondent to pay child support for the child. The amount has been modified over time, and as of November 1999 respondent was paying $70 per week. In June 2000, however, the mother informed respondent that he is not the father of the child and named another man as the biological father. During visitation with the child, respondent arranged for DNA testing, without the mother's consent. The test revealed a 0% probability of paternity. Respondent then filed the instant petition seeking to terminate his child support obligation and subsequently moved, *inter alia,* for vacatur of

the order of filiation or, in the alternative, for court-ordered DNA testing.

Family Court erred in failing to grant that part of respondent's motion seeking court-ordered DNA testing and in dismissing the petition. We therefore reverse the order, reinstate the petition and grant that part of respondent's motion seeking court-ordered DNA testing, and we remit the matter to Oneida County Family Court for further proceedings consistent with our decision herein. Although respondent's motion was brought pursuant to article 5 of the Family Court Act, respondent's reply papers cited to CPLR 5015, which provides, *inter alia,* for vacatur of a prior order that was obtained as the result of "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). Here, respondent made a prima facie showing of fraud or misrepresentation by establishing that the mother had recently informed him that he is not the child's father and had previously asserted in a sworn statement provided to petitioner that she had not had sexual relations with anyone but respondent during the relevant time period. We note, however, that the child is now 10 years old and the child appears to have known only respondent as her father. "Although the doctrine of equitable estoppel may be applied to preclude [respondent] from challenging [the] order of filiation, it is the child's best interests that are of paramount concern" (*Matter of Eugene F. G. v Darla D.,* 261 AD2d 958; *see, Matter of Erie County Dept. of Social Servs. v Greg G.,* 273 AD2d 919; *see also, Matter of Darcie T. v Robert M. L.,* 255 AD2d 955). Upon remittal, in the event that the DNA test results establish that respondent is not the child's father, the court must determine whether the doctrine of equitable estoppel should be applied to preclude vacatur of the order of filiation. Given the conflicting evidence regarding the bond between respondent and the child, we cannot say on this record that it would be in the child's best interests to sever that relationship if the DNA tests establish that respondent is not the child's father (*see, Matter of Onondaga County Dept. of Social Servs. v Gregory L. H.,* 255 AD2d 955; *cf., Matter of Erie County Dept. of Social Servs. v Greg G., supra*). (Appeal from Order of Oneida County Family Court, Cook, J.—Paternity.) Present— Green, J. P., Hayes, Hurlbutt, Burns and Lawton, JJ.