■ In the Matter of PRECYSE T., an Infant. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA N., Respondent, and CLAUDE T. Appellant. [788 NYS2d 542]—

Appeal from an order of the Family Court, Monroe County (Anthony J. Sciolino, J.), entered March 3, 2003. The order denied the motion of respondent Claude T. to vacate an order of neglect.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the order entered September 17, 2002 is vacated, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking an adjudication that Precyse T. had been neglected by her parents. Claude T. (respondent), the child's father, and his attorney both failed to appear at the fact-finding hearing, and Family Court thereafter issued an order adjudging the child to be neglected by respondent. Respondent appeals from an order denying his motion to vacate the order of neglect entered on his default and to restore the matter to the calendar for further proceedings on the petition with respect to him.

We conclude that the court abused its discretion in denying respondent's motion inasmuch as respondent made the requisite showing of "good cause" to warrant vacatur of the prior order pursuant to Family Ct Act § 1061 (see Matter of Karla V., 278 AD2d 159, 163 [2000]; Matter of Commissioner of Social Servs. [Anna B.] v Amine B., 223 AD2d 703, 704-705 [1996]). In any event, we conclude that respondent also made the requisite showing of a reasonable excuse for the default and a meritorious defense to the petition to warrant vacatur of the order pursuant to CPLR 5015 (a) (1) (see Family Ct Act § 165 [a]; see generally Matter of Waite v Whalen, 215 AD2d 922, 923-924 [1995]). Finally, to the extent that Family Ct Act § 1042 may apply to this case, we conclude that respondent made the requisite showing that his personal default in appearing was not willful (see Matter of Commissioner of Social Servs. of City of N.Y. [Anthony T.] v Rafael B., 186 AD2d 253, 254 [1992]). We note that "[t]he general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involv-

ing the custody, care and support of children" (*Matter of Patricia J. v Lionel S.*, 203 AD2d 979, 979 [1994]; *see Matter of Commissioner of Social Servs. of County of Los Angeles [Oth] v Uon*, 286 AD2d 949 [2001]; *Matter of Erie County Dept. of Social Servs. [Tiffany M.H.] v Greg G.*, 273 AD2d 919 [2000]). Our preference is for "the resolution of [such matters] on their merits" (*Mann v Mann*, 149 AD2d 669, 671 [1989]; *see Patricia J.*, 203 AD2d at 979). We therefore reverse the order, grant the motion, vacate the order of neglect, and remit the matter to Family Court for further proceedings on the petition with respect to respondent. Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.