■ In the Matter of NATHANIEL BROCKINGTON, Respondent, v LELA ALEXANDER, Appellant. [809 NYS2d 349]—

Appeal from an order of the Family Court, Monroe County (Julie Gordon, Referee), entered May 7, 2003 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner and permitted the child to relocate to Alabama with petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify a prior custody order by awarding sole custody of the parties' child to him and permitting "the child [to] relocate to Alabama with [him]." We conclude that Family Court properly

granted the petition. We note at the outset that the prior custody order awarded sole custody to respondent upon the default of petitioner, and the " 'general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involving the custody, care and support of children' " (*Matter of Precyse T.*, 13 AD3d 1113, 1113-1114 [2004]). The record supports the court's determination that an award of sole custody to petitioner is in the best interests of the child (*see generally Ideman v Ideman*, 168 AD2d 1001, 1002 [1990]), and the court properly considered the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]) in determining that petitioner established by a preponderance of the evidence that the relocation to Alabama would serve the child's best interests.

Contrary to respondent's further contention, the court did not err in precluding respondent from presenting in evidence the "unfounded" report of alleged child abuse and maltreatment against her boyfriend (*see* Social Services Law § 422 [5] [b]; Family Ct Act § 651-a) and in admitting in evidence the "indicated" report of inadequate guardianship against respondent. Respondent failed to preserve for our review her further contention that the court erred in allowing two witnesses to testify regarding the alleged abuse of the child by her boyfriend (*see generally Matter of Jamel Isaiah R.*, 18 AD3d 558 [2005]; *Matter of Derrick T.M.*, 286 AD2d 938 [2001]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.