■ In the Matter of TAINA M. and Another, Children Alleged to be Neglected. ANDRES M., Appellant; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent. [820 NYS2d 221]—

Order, Family Court, Bronx County (Clark V. Richardson, J.), entered on or about December 20, 2004, which denied respondent-appellant's motion to vacate a fact-finding and dispositional order, entered on or about July 30, 2004, upon appellant's failure to appear in court, adjudging the subject children to be neglected and released the children to the custody of their mother, unanimously reversed, on the facts and in the exercise of discretion, without costs, the motion granted to the extent of directing a rehearing pursuant to Family Court Act § 1042, and the matter remanded to Family Court for such rehearing.

The New York City Administration for Children's Services (ACS) brought a petition against appellant under article 10 of the Family Court Act, alleging that appellant neglected two of his girlfriend's children, one of whom was his daughter. On July 28, 2004, the evening before the hearing on the petition, ACS served the petition on appellant.

Appellant, who claimed the petition was served on his father, received the petition on the evening it was served, and consulted and retained an attorney the following morning—the day on which the hearing was to be held. While appellant and his attorney appeared in the part, the hearing was adjourned to July

30 since they arrived after the matter had been called. Although his attorney appeared on the adjourn date, appellant did not, and the court conducted the hearing in his absence, rendering both fact-finding and dispositional determinations on the record. The court found that the children were neglected, and released the children to the custody of their mother.

Appellant subsequently moved to vacate the order determining that the children were neglected, or alternatively, for rehearing pursuant to Family Court Act § 1042. Appellant averred that he was not personally served with the petition, and that his failure to appear for the July 30 hearing was inadvertent, as he did not know an appearance was required. Additionally, appellant denied the allegations in the neglect petition. Family Court denied the motion in its entirety, and this appeal ensued.

Initially, we note that counsel's appearance on behalf of appellant on July 30 conferred personal jurisdiction over appellant (*see* CPLR 321; *Matter of Springs v Springs*, 234 AD2d 552 [1996]). Counsel's mere objection to the affidavits of service as insufficient to constitute "completed service," unaccompanied by an oral motion to dismiss or a request for a traverse hearing, failed to preserve appellant's personal jurisdiction defense (*see Springs, supra*). Accordingly, Family Court properly denied appellant's motion to vacate the order on the ground that personal jurisdiction over him had not been obtained.

Family Court erred, however, in denying that aspect of appellant's motion that sought a rehearing of the petition. Family Court Act § 1042 allows a parent who was not present for a hearing conducted under article 10 of the Family Court Act to seek a rehearing of the petition. Such a parent is entitled to a rehearing where he or she submits an affidavit demonstrating a meritorious defense to the petition, unless the court finds that the parent "willfully refused to appear at the hearing" (Family Court Act § 1042). Here, appellant, despite being given less than 24 hours' notice, retained private counsel and appeared on the original hearing date. Whether appellant's excuse for failing to appear on the adjourn date—that he was not aware an appearance was necessary because his attorney did not so inform him—is reasonable depends in significant part on whether he was so informed by counsel. The issue, however, need not be resolved, as appellant did not evince a willful refusal to appear at the hearing (*see Matter of Mursol B.*, 266 AD2d 76 [1999]). We therefore remand the matter to Family Court for a rehearing on the neglect petition. Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.