■ In the Matter of TROY D.B., Respondent, v JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JAIME L.M., Appellant. [839 NYS2d 877]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered September 11, 2006 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's motion to reopen the paternity and support proceedings.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without

costs, the motion is granted, the order entered April 21, 2006 is vacated and the matter is remitted to the Family Court, Jefferson County, for further proceedings on the petition in accordance with the following memorandum: In 1994 respondent obtained an order of filiation determining that petitioner was the father of the subject child and directing him to provide support for the child. Based upon a privately arranged DNA test performed in November 2005 that excluded him as the child's father, petitioner commenced a proceeding seeking an order determining that he was not the biological father of the child and suspending all support obligations. Family Court granted the petition upon the default of the child's mother, whereupon respondent moved to "reopen the paternity and support proceedings." We agree with respondent that the court abused its discretion in denying respondent's motion.

Pursuant to CPLR 5015 (a) (1), a court may vacate a judgment or order entered upon default if it determines that there is a reasonable excuse for the default and a meritorious defense (*see Matter of Zabrina M.*, 17 AD3d 1132 [2005], *lv denied* 5 NY3d 710 [2005]; *Matter of Unique M.C.*, 16 AD3d 1155 [2005], *lv dismissed* 5 NY3d 746 [2005]). Although that determination is within the sound discretion of the court (*see Matter of Vanessa F.*, 9 AD3d 464 [2004]), "[t]he general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involving the custody, care and support of children" (*Matter of Patricia J. v Lionel S.*, 203 AD2d 979, 979 [1994]; *see Matter of Brockington v Alexander*, 26 AD3d 884 [2006]; *Matter of Precyse T.*, 13 AD3d 1113 [2004]). Here, although the court properly determined that there was a reasonable excuse for the default, we conclude that the court also should have determined that respondent provided a meritorious defense, based on the court's failure to appoint a law guardian and to conduct a best interests hearing before determining whether to grant the petition. "[W]here[, as here,] any determination by the Family Court has the potential to prejudice the child's interests, appointment of a [l]aw [g]uardian to represent the best interests of the child is necessary . . . Further, a hearing must be conducted to determine the child's best interests" prior to vacating an order of filiation (*Matter of Darlene L.-B. v Claudio B.*, 27 AD3d 564, 564 [2006]). We therefore reverse the order, grant respondent's motion, vacate the order entered upon the default of the child's mother and remit the matter to Family Court for further proceedings on the petition consistent with this decision. Present—Martoche, J.P., Smith, Centra, Peradotto and Pine, JJ.