Matter of M.G. v L.D. (2008 NY Slip Op 50122(U))

[*1]

Matter of M.G. v L.D.

2008 NY Slip Op 50122(U) [18 Misc 3d 1118(A)]

Decided on January 17, 2008

Family Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 17, 2008

Family Court, Nassau County
In the Matter of a
Proceeding for Custody Under Article 5 of the Family Court Act M.G., Petitioner,
against
L.D., Respondent.
P-00000-00

Conrad D. Singer, J.
In the instant matter L.D., (hereinafter "respondent") seeks to have the Court order a DNA
test to ascertain if he is the biological father of the child N.L.D., DOB 2/25/94, who is the
daughter of M.G., (hereinafter, "petitioner").
On March 8, 2006, petitioner filed an application for an Order of Filiation declaring the
respondent the father of the child, and a petition seeking an Order of Support that would direct
the respondent to pay support for the benefit of the child. On July 27, 2007 the matter was heard
before Support Magistrate Kathleen Watson, who reserved decision. The case was then referred
to Support Magistrate Patricia Bannon and adjourned to September 5, 2007. On September 5,
2007, respondent did not appear and the matter was adjourned to September 28, 2007. On
September 28, 2007, respondent failed to appear, again, and the matter was referred to this Court
wherein a warrant was issued for the arrest of the respondent. On October 19, 2007, respondent
was returned on the warrant. He was held on bail and the matter was adjourned to October 22,
2007. On October 22, 2007, respondent again made an application for a court ordered DNA test.
Both petitioner and the attorney for the child object to the DNA test on the grounds of
equitable estoppel. The respondent maintains that the child has a right to know who her
biological father is and cites to the Family Court Act Section 418, which in part notes
that if paternity is contested the court shall grant a party's request for a DNA test. However, the
Family Court Act, under Article 5, Section 532, and Article 4, Section 418 states
in pertinent part: "No such test shall be ordered, however, upon a written finding by the court that
it is not in the best interest of the child on the basis of res judicata, equitable estoppel or the
presumption of legitimacy of child born to a married woman".
[*2]
In the instant matter, it is maintained by the attorney for
the child and petitioner that the doctrine of equitable estoppel applies. The doctrine of equitable
estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which
would work [a] fraud or injustice upon the person against whom enforcement is sought and who,
in justifiable reliance upon the opposing party's words or conduct, has been misled into action
upon the belief that such enforcement would not be sought". (See Maby H. v. Joseph J.,
246 AD2d [1998]. See also, Matter of Ettore I. v. Angela D., 127 AD2d 6 [1987]).
In each instance, when deciding if equitable estoppel should be invoked, it is the child's best
interest that is of paramount concern. (See Griffin v. Marshall, 294 AD2d 438 [2002]).
Hence, this Court must first address that issue.
Generally, there are four factors that courts look at to see if its in the best interest of the child
to apply the doctrine of equitable estoppel to a particular case: (1) the relationship between the
parent and the child; (2) has the person held himself out as the parent of the child; (3) the timing
of the allegation of non-paternity; and (4) has the parent paid support for the child.
It has been a long standing principle that where there is an established relationship between
father and child, the doctrine of equitable estoppel should be invoked. (See In the Matter of
Shondel J. v. Mark D., 820 NYS2d 199 {7 NY3d 320} [2006]). In Anonymous v.
Anonymous N.Y.L.J. July 8, 1996, at 29, Col. 3, (Nassau County Supreme Court), the
mother was estopped from denying the husband's paternity inasmuch as there was a relationship
between her husband and her son). In Richard B. v. Sandra B.B., 209 AD2d 139 (1995),
the wife was estopped from denying her husband's paternity of their child as there had been a
relationship established by her husband with the child.
In this matter, the respondent put his name on the child's birth certificate, has had parenting
time with the child on a continuous basis and has held himself out as the father of the child. The
attorney for the child presents a pattern wherein the respondent has attended events that the child
has participated in, such as the child's talent show in first grade, and the child's moving up
ceremony from fourth grade. Besides spending parenting time with the child, the child continues
to sleep over at the respondent's house such as a weekend in November, and December 2007, and
calls respondent's mother "grandma". Respondent gives and/or sends birthday cards to the child
and gives her gifts on her birthday and Christmas. The attorney for the child also states that the
child has spent Thanksgiving holidays with the respondent and his family as recently as 2004,
2005, and 2006. That the child considers and is considered by respondent's family as one of the
family. Moreover, the child also calls respondent's nieces and nephews her cousins. In all the
foregoing, the respondent has created a bond with the child, and continues to have a relationship
with the child thereby meeting the first two branches of the factors considered by the courts. As
to the timing of the allegation of non paternity, it seems curious to this Court that the issue of the
child's paternity arises now, when the mother has applied for support. It appears that the
respondent is being driven by his pecuniary interest and not the best interest of the child to whom
he gave his last name at birth.
The Court also notes that the respondent waited almost thirteen (13) years after he placed
[*3]his name on the birth certificate and after he had established a
relationship with the child to request a DNA test. As stated in Thomas v. Rosasco, 226
AD2d 800 (1996), wherein the court held that a significant time had passed, the "petitioner must
proffer more than conjecture that the child[ren] may not be his". Here the respondent merely
states that there are other men that could possibly be the child's father. However, he fails to plead
non-access to the petitioner at the critical time in question.
For all of the above noted reasons it is
ORDERED that the doctrine of equitable estoppel is invoked against respondent and his
application for DNA testing is denied. The matter is referred to Support Magistrate Patricia
Bannon for further proceedings on February 1, 2008 at 9:00am.
This constitutes the Decision and Order of this Court.
ENTER:
_______________________________
Hon. Conrad D. Singer
Judge of the Family Court
Dated: January 17, 2008