■ In the Matter of KIESHA G.-S., Respondent, v ALPHONSO S., Appellant. [870 NYS2d 240]—

There is no documentation showing that the incarcerated respondent was served with the summons to appear at this family offense proceeding (*see Chase Manhattan Bank v Carlson*, 113 AD2d 734, 735 [1985] ["(a)bsent proper service of a summons, a default judgment is a nullity and once it is shown that proper service was not effected the judgment must be unconditionally vacated"]). Although the record does contain a copy of an order to produce, there is no evidence that such order was ever served, or that respondent was made aware that he had to request to be produced (*see Matter of Jung [State Commn. on Jud. Conduct]*, 11 NY3d 365, 374-375 [2008]).

Furthermore, even were it determined that service and notice were properly effected, respondent's motion should still be granted and he is entitled to a hearing in connection with the family offense petition. Respondent's attempts to respond to the proceedings when he was made aware of them showed that his failure to appear was not willful and constituted a reasonable excuse to vacate the default (*see Matter of Precyse T.*, 13 AD3d 1113 [2004]; *Matter of Commissioner of Social Servs. of City of N.Y. v Rafael B.*, 186 AD2d 253, 254 [1992]), and he also raised viable arguments challenging the sufficiency of petitioner's contentions. Nor is there any indication that petitioner would be prejudiced in the event respondent is relieved of the default. Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.