Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about June 5, 2009, which, insofar as appealed from, denied, sub silentio, respondent mother’s motion to vacate her default at the fact-finding hearing on April 14, 2009, and to dismiss the petition, unanimously reversed, on the law, without costs, the motion granted, and the petition dismissed. Appeal from order of fact-finding, same court and Judge, entered on or about June 24, 2009, following an inquest on April 14, 2009 upon respondent’s default, unanimously dismissed, without costs, as taken from a non-appealable order.
Respondent persuasively argues that the neglect petition should have been dismissed pursuant to Family Court Act § 1051 (c) because the court’s “aid” was not needed here, inasmuch as, in releasing the child to respondent’s custody, the court in effect determined that there was no basis for supervision or for respondent’s participation in referrals made by the agency. It was established that the child was being raised as a model, person and student and wished to continue residing in the security of his mother’s custody. Furthermore, the domestic violence incident between respondent and her boyfriend was isolated (see Matter of Kayla B., 262 AD2d 137 [1999]), and, in any event, that relationship had ended (see Matter of Kirk V, 60 AD3d 427 [2009]).
As to respondent’s motion to vacate her default in appearing at the fact-finding hearing, we find that there is both an absence of evidence that respondent’s failure to appear was willful, and a demonstration of a meritorious defense to the neglect petition, warranting reversal of the trial court’s denial of the motion (see Matter of Taina M., 32 AD3d 210, 211 [2006]). While “we are cognizant that family courts in many counties across the state have crushing case loads, extremely difficult family issues to decide, and limited time to make fair and informed determinations in what are often chaotic and highly charged emotional cases” (Alix A. v Erika H., 45 AD3d 394, 394-395 [2007]), we find that the court’s decision to deny respondent’s counsel’s request for a second call and to proceed to the fact-finding hearing by inquest was ill considered, given the fact that the court scheduled the case for 4:00 p.m. to accommodate respondent’s work schedule and respondent’s counsel informed the court that respondent was “on her way,” and the fact that respondent had attended the other scheduled court dates *429 without incident (see Matter of Mursol B., 266 AD2d 76, 76 [1999]). Moreover, all these facts, as well as the positive relationship between respondent and the child, were brought to the court’s attention again when respondent moved to vacate. Inexplicably, the court denied the motion.
Were it not for our dismissal of the petition pursuant to Family Court Act § 1051 (c), we would further find that the agency’s evidence at the hearing failed to establish neglect (see Family Court Act § 1012 [f] [i]; § 1046 [a] [viii]) by a preponderance of the evidence (see Family Court Act § 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). The agency’s proof that the child felt “scared and nervous” during the isolated domestic violence incident did not establish that respondent had failed to exercise a minimum degree of care, or that the child’s mental or emotional condition was impaired or in imminent danger of being impaired as a result of the altercation (see id.; Kayla B., 262 AD2d at 137). Concur—Andrias, J.P., Friedman, McGuire, Acosta and DeGrasse, JJ.