■ JOSE L., Respondent, v YAMELY H., Appellant. [937 NYS2d 50]—

In support of her motion to vacate her default on petitioner's application for custody of the parties' son, respondent offered the excuse that she was not served with the custody petition— she stated that she was working on the morning that it purportedly was served—and that petitioner had misrepresented to her that she need not appear on her family offense petition against him because they would resolve it out of court, when unbeknownst to her that petition was returnable on the same day as the custody petition. Contrary to Family Court, we find this a reasonable excuse for the default (CPLR 5015 [a] [1]; *see Royall v Royall*, 105 AD2d 632 [1984]). We note that petitioner did not file for custody until the day after he was served with respondent's family offense petition, the one he told her they would resolve out of court. He then advised the court, when respondent did not appear, that he did not know where she was.

Respondent also demonstrated a meritorious defense to the

custody petition. The custody order states that petitioner "report[ed]" that respondent had taken their son out of the country without his permission. However, respondent submitted evidence that petitioner had given his consent in writing, and without imposing a time limit. Under the circumstances, the issue of custody should be determined on the merits (*see Matter of Precyse T.*, 13 AD3d 1113, 1113-1114 [2004]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.