■ In the Matter of MARK W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARK S., Appellant; JUANITA W., Intervenor-Respondent. (Proceeding No. 1.) In the Matter of MARKIECE S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respon-

dent; MARK S., Appellant; JUANITA W., Intervenor-Respondent. (Proceeding No. 2.) In the Matter of NADAIJA S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARK S., Appellant; JUANITA W., Intervenor-Respondent. (Proceeding No. 3.) In the Matter of MARKUS S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MARK S., Appellant; JUANITA W., Intervenor-Respondent. (Proceeding No. 4.) [966 NYS2d 520]—

In four related proceedings pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Danoff, J.), dated March 13, 2012, which denied his motion to vacate a fact-finding order of the same court dated September 1, 2011, made upon his default in appearing on an adjourned date of the fact-finding hearing, finding that he neglected the subject children.

Ordered that the order dated March 13, 2012, is reversed, on the law and in the exercise of discretion, without costs or disbursements, the motion to vacate the fact-finding order is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

In December 2009, the instant proceedings were commenced charging the appellant with abuse and neglect of his children. After a fact-finding hearing continued for several adjourned dates, the appellant failed to appear at the scheduled time of 9:30 a.m. on September 1, 2011, to complete his testimony. On that date, the attorney for three of the children asked to be relieved, the application was granted, and new counsel was appointed. After noting that the appellant was not present, the Family Court concluded that the father had defaulted, and entered findings of neglect based on the appellant's misuse of alcohol and acts of domestic violence. Thereafter, the appellant moved to vacate the fact-finding order and to reopen the fact-finding hearing. In support of the motion, the appellant submitted, inter alia, an affidavit wherein he stated that he mistakenly believed that the hearing was scheduled to begin at 10:30 a.m., and that he had a potentially meritorious defense to the petitions in that, inter alia, he did not misuse alcoholic beverages to the extent that he lost control of his actions. He further denied that he had physical contact with the mother during the incident referred to in the petitions. The court denied the motion.

If a parent is not present, the court may proceed to hear a petition pursuant to Family Court Act article 10 if the child is represented by counsel (see Family Ct Act § 1042). However, a timely motion to vacate the resulting fact-finding order shall be

granted upon an affidavit showing, inter alia, a potentially meritorious defense to the petition unless the court finds that the parent willfully refused to appear at the hearing (*see* Family Ct Act § 1042; *Matter of Tahanie S. [Ramon A.]*, 97 AD3d 751, 753-754 [2012]).

Under the circumstances presented, the appellant adequately demonstrated that his failure to appear was not willful (*see id.*; *see also Matter of Taina M.*, 32 AD3d 210 [2006]; *Matter of Mursol B.*, 266 AD2d 76 [1999]; *Matter of Commissioner of Social Servs. of City of N.Y. v Rafael B.*, 186 AD2d 253 [1992]; *Matter of Laticia B.*, 156 AD2d 681 [1989]). Moreover, the father demonstrated a potentially meritorious defense to the petitions (*see Matter of Tahanie S. [Ramon A.]*, 97 AD3d at 754).

Accordingly, the order appealed from must be reversed, the motion to vacate the fact-finding order must be granted, and the matter must be remitted to the Family Court, Kings County, to allow the appellant an opportunity to present evidence at a re-opened fact-finding hearing. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.