Matter of Avery M. (Carlina W.) (2019 NY Slip Op 00878)





Matter of Avery M. (Carlina W.)


2019 NY Slip Op 00878


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03229
 (Docket No. N-26912-16)

[*1]In the Matter of Avery M. (Anonymous). Administration for Children's Services, respondent; Carlina W. (Anonymous), appellant.


Charles Lawson, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Jessica Miller of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Carlina W. appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated February 9, 2018. The order denied Carlina W.'s motion to vacate an order of fact-finding and disposition of the same court dated May 15, 2017, which, upon her failure to appear at a hearing, found that she neglected the subject child.
ORDERED that the order dated February 9, 2018, is reversed, on the law, without costs or disbursements, the motion to vacate the order of fact-finding and disposition is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
Carlina W. is the sister of the subject child, Avery M., and has been his guardian since the death of their mother in 2002. In October 2016, the Administration for Children's Services (hereinafter ACS) commenced a neglect proceeding against Carlina W., alleging that she neglected Avery M. by using excessive corporal punishment. The petition alleged that Carlina W. "often makes statements to [Avery M.] to the effect that there is something wrong with him because of his sexual orientation," and that Carlina W. had recently "bathed him in bleach because she felt he had poor hygiene." Carlina W. and her counsel were present in court on December 2, 2016, when the Family Court scheduled a preliminary conference for February 2, 2017, a fact-finding hearing for March 8, 2017, and a permanency hearing for May 15, 2017. It is undisputed that Carlina W. did not appear in court on February 2, 2017. Carlina W.'s counsel appeared in court on March 8, 2017, at which time she indicated that Carlina W. was not present. On that date, ACS's attorney confirmed that the parties had agreed to resolve the matter by entering into a voluntary placement agreement. The matter was adjourned to April 13, 2017. When the parties returned to court on that date, Carlina W. was not present. ACS's attorney indicated that Carlina W. had contacted ACS "within the last week" and stated that "she'll provide dates within a week" to schedule a conference regarding the [*2]voluntary placement agreement. The Family Court adjourned the matter to May 15, 2017, and instructed ACS to send Carlina W. written notice that if she failed to appear in court on that date, an inquest would be held in her absence. On May 15, 2017, after noting that Carlina W. was not present, the court concluded that her failure to appear was willful. After an inquest, the court entered an order of fact-finding and disposition finding that Carlina W. had neglected Avery M.
Carlina W. subsequently moved to vacate the order of fact-finding and disposition dated May 15, 2017. In support of her motion, Carlina W. submitted an affidavit in which she averred, among other things, that she was not served with a notice of inquest and that her attorney never informed her that she was required to appear in court on May 15, 2017. Carlina W. specifically denied bathing Avery M. in bleach and making derogatory statements to Avery M. concerning his sexual orientation. ACS opposed Carlina W.'s motion and, in an order dated February 9, 2018, the Family Court denied Carlina W.'s motion. Carlina W. appeals.
"If the parent or other person legally responsible for the child's care is not present, the court may proceed to hear a petition under [Family Court Act article 10] only if the child is represented by counsel" (Family Ct Act § 1042). "[T]he parent or other person legally responsible for the child's care may move to vacate the order of disposition and schedule a rehearing" within one year after being served with a copy of the order of disposition (id.). "Such motion shall be granted on an affidavit showing . . . a meritorious defense to the petition, unless the court finds that the parent or other person willfully refused to appear at the hearing, in which case the court may deny the motion" (id.).
Contrary to the Family Court's determination, Carlina W. adequately demonstrated that her failure to appear was not willful (see Matter of Mark W. [Juanita W.], 107 AD3d 816, 818; Matter of Tahanie S. [Ramon A.], 97 AD3d 751, 753; Matter of Taina M., 32 AD3d 210, 211; cf Matter of Rodney W. v Josephine F., 126 AD3d 605, 606). Although Carlina W. was present in court on December 2, 2016, when a permanency hearing was scheduled for May 15, 2017, the record was bereft of any evidence that Carlina W. was served with a notice of inquest by ACS or that she had any knowledge that an inquest would be held should she fail to appear in court on that date. Moreover, Carlina W. demonstrated a potentially meritorious defense to the petition (see Matter of Mark W. [Juanita W.], 107 AD3d at 818; Matter of Tahanie S. [Ramon A.], 97 AD3d at 754; cf. Matter of Evelyn R. [Franklin R.], 117 AD3d 957, 958; Matter of Yecllyne P.-H. [Jose P.V.], 117 AD3d 438, 439).
Accordingly, we reverse the order appealed from, grant Carlina W.'s motion to vacate the order of fact-finding and disposition, and remit the matter to the Family Court, Kings County, to allow Carlina W. an opportunity to present evidence at a re-opened fact-finding hearing and, if necessary, a new dispositional hearing.
Carlina W.'s remaining contentions either are without merit or need not be reached in light of our determination.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court